# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WHEATLEY, <br><br> Plaintiff, <br> v. <br> ANTHEM BLUE CROSS and DOES 1 through 50, inclusive, <br><br> Defendant. | CASE NO. 3:17-cv-01186-WQH-KSC <br><br> **ORDER** |

HAYES, Judge:

The matter before the Court is the motion to dismiss filed by Defendant Anthem Blue Cross. (ECF No. 12).

**I. Background**

On June 13, 2017, Plaintiff filed a Complaint against Defendants Anthem, Inc. and Anthem Blue Cross alleging a claim for recovery of plan benefits under 29 U.S.C. § 1132(a)(1)(B). (ECF No. 1). Plaintiff alleged that he was not properly reimbursed under his health care plan for medical expenses after his partial right knee replacement.

On August 4, 2017, Defendants Anthem, Inc. and Anthem Blue filed a motion to dismiss on the grounds that Anthem, Inc. is not a proper Defendant, Plaintiff does not identify plan terms supporting his claim, and Plaintiff was reimbursed appropriately under his plan. In support of Defendants' motion to dismiss Defendants attached the Declaration of Randy Hendel and the Plan applicable to Plaintiff's claim. Defendants asserted that the Plan makes clear that the Complaint should be dismissed. (ECF No. 9-1 at 7).

On August 24, 2017, Plaintiff filed the First Amended Complaint alleging a cause of action for recovery of plan benefits pursuant to 29 U.S.C. § 1132(a)(1) against Anthem Blue Cross.[1] (ECF No. 10)

On August 31, 2017, the Court denied Defendants' motion to dismiss in light of the first amended complaint. (ECF No. 11).

On September 7, 2017, Defendant Anthem Blue Cross filed the Motion to Dismiss. (ECF No. 12). On October 2, 2017, Plaintiff filed an Opposition to Defendant's Motion to Dismiss. (ECF No. 13). On October 6, 2017, Defendant filed a Reply in Support of the Motion to Dismiss. (ECF No. 14).

**II. Allegations of the First Amended Complaint**

Defendant Anthem Blue Cross is a health plan provider. (ECF No. 10. ¶ 7). Plaintiff Robert Wheatley is insured "through an employer group sponsored plan" provided by Defendant. *Id.* ¶ 8. Plaintiff "suffered from disabling symptoms relating to his right knee." *Id.* ¶ 10. On June 28, 2016, Plaintiff underwent the surgery. *Id.* "The surgery and services related thereto including the surgery center are all considered by [Defendant] to be out-of-network providers." *Id.* ¶ 21.

"The total charges for the necessary treatment of [Plaintiff's] knee amounted to $103,514.00." *Id.* ¶ 12. "Of this sum, [Defendant] has paid only $3,598.05." *Id.* "[Plaintiff's] total out-of-pocket medical expenses . . . amounted to $42,352.83. *Id.* ¶ 15. Plaintiff alleges "[Defendant's] policy limits for recovery of out-of-network services is limited to 50% of the remaining charges, after applicable deductibles." *Id.* Plaintiff alleges the total balance owed by Defendant "for reimbursement of reasonable and necessary out-of-network services is the sum of $15,284.86." *Id.* ¶ 15.

On or about January 10, 2017, Plaintiff "timely appealed [Defendant's] decision to reimburse only a fraction of the provided payments made by Plaintiff." *Id.* ¶ 25. On or about February 16, 2017, Plaintiff provided Defendant the relevant invoices by

---

[1] Anthem, Inc. was not named as a Defendant in the First Amended Complaint. Anthem, Inc. is no longer a party to this action. Any claims against Anthem, Inc. are dismissed without prejudice.

providers, receipts showing payment by Plaintiff, and "the actual operative report and correspondence from [Plaintiff's doctor] confirming that the surgery was reasonable and necessary." *Id.* ¶ 17.

On February 27, 2017, Defendant advised Plaintiff that "Anthem has determined that the claims have been processed correctly in accordance with your plan terms. The providers for services listed above are out-of network with your plan." (ECF No. 10 at 13).

On March 16, 2017, Plaintiff responded to Defendant's February 27, 2017 notification providing his calculations relying upon specific plan provisions and amounts paid and requesting additional adjustments. (ECF No. 10 at 19-20).

On March 20, 2017, Defendant advised Plaintiff that Defendant would not make any additional payments or reimburse Plaintiff. *Id.* ¶ 18. Defendant notified Plaintiff that "The claims referenced above were correctly processed in accordance to the out of network provider benefits of your plan." (ECF No. 10 at 27).

Under the terms of the Plan, "the EOC sets forth five possible reimbursement methods" on page 106 of the "Out of Network or Other Eligible Providers" provision of the Plan. *Id.* ¶ 22.

"Pursuant to 29 U.S.C. Section 1133(1) and 29 C.F.R. Section 2560.503-1 (f)(1), BLUE CROSS was (and is) required to provide WHEATLEY with the 'specific reasons for its denial of benefits as alleged herein. The conclusory statements provided by BLUE CROSS in its denial letters of February 27, 2017, (Exhibit 2) and March 20, 2017, Exhibit 3) do not comply with the statutory framework." *Id.* ¶ 30.

The cause of action asserted by the First Amended Complaint is for the recovery of plan benefits pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA") under 29 U.S.C.A. § 1132(a)(1)(B). Plaintiff alleges that Defendant failed to pay the required amounts under the "Out of Network Provider" provision of the plan. The First Amended Complaint seeks declaratory relief, compensatory damages, and attorneys' fees and costs.

### III. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Courts may "consider . . . matters of judicial notice without converting the motion to dismiss into a motion for summary judgment." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### IV. Discussion

Defendant contends that Plaintiff "fails to plead specific medical services for which [Plaintiff] claims he was reimbursed insufficiently, and does not refer to any specific provision of the 3000 Plus Plan allegedly violated by [Defendant]." (ECF No. 12-1 at 4). Defendant contends that the treatment described in the First Amended Complaint was reimbursed accurately pursuant to the Evidence of Coverage. Defendant contends that its correspondence with Plaintiff included an explanation of the various methods for calculating reimbursement for services by out-of-network providers and identified which method was used to process Plaintiff's claim.

Plaintiff contends Defendant's denial letters on February 27, 2017 and March 22, 2017 do not set forth "specific reasons" for the denial of benefits and are not written in a manner calculated to be understood by the participant as required by 29 U.S.C. § 1133(1). (ECF 13 No. 5). Plaintiff contends that Defendant's denial of benefits is conclusory and lacks substantial evidence to permit effective review. Plaintiff contends he has alleged specific medical services in the allegations of the complaint and alleged that Defendant have failed to explain the basis for their reimbursement under the out-of-network provisions of the Plan.

Under federal law, "a civil action may be brought by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C.A. § 1132(a)(1)(B). An ERISA plan administrator "shall set forth, in a manner calculated to be understood by the claimant: (1) The specific reason or reasons for the adverse determination; (2) Reference to the specific plan provisions on which the determination is based; (3) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and (4) A description of the plan's review procedures, and the time limits applicable to such procedures." 29 C.F.R. § 2560.503-1(g); *see also Booton v. Lockheed Medical Ben. Plan,* 110 F.3d 1461, 1463 (9th Cir. 1997) (stating that ERISA rulings denying coverage must be "responsive and intelligible to the ordinary reader").

In this case, Plaintiff alleges that Defendant has failed to properly process his claim in accordance with the out-of-network provision of his Plan and that he appealed Defendant's reimbursement decision under the out-of-network provisions of the Plan. Plaintiff alleges that Defendant's response to his appeals are conclusory statements that do not comply with the requirements under 29 U.S.C. § 1133. The allegations in the First Amended Complaint identify the medical services provided and allege that the services are considered to be out-of-network. Defendant's letter to Plaintiff attached

1 to the First Amended Complaint states that Plaintiff's "claims . . . were processed
2 correctly in accordance to the out of network provider benefits of your plan." (ECF No.
3 10 at 27). Plaintiff alleges that the plan "sets forth five possible reimbursement
4 methods" under the plan for out-of-network reimbursement and alleges that he is
5 entitled to additional reimbursement under the out-of-network plan provision. (ECF
6 No. 10 at 5). The Court concludes that the First Amended Complaint alleges facts that
7 support a cognizable legal theory under 29 U.S.C. § 1132(a)(1)(B) and that Defendant's
8 assertion that Plaintiff was reimbursed appropriately presents factual issues that cannot
9 be determined upon a motion to dismiss.

**V. Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 12) is denied.

DATED: January 2, 2018

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge